UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEE FISHER,

                                 Plaintiff,

v.

COUNTY OF ERIE and
TIMOTHY HOWARD, Individually and
in his capacity of Sheriff of Erie County, New York,

                                 Defendants.

**REPORT AND RECOMMENDATION**

10-CV-0376(S)(M)

_____

        This case was referred to me by Hon. William M. Skretny to hear and report in accordance with 28 U.S.C. §636(b)(1)(A) [4, 7].[1] Before me is plaintiff's motion to remand this action to the State of New York Supreme Court, County of Erie [6]. Although I had initially issued a Text Order establishing a briefing schedule for the motion [8], upon further review I conclude that no additional briefing is necessary. For the following reasons, I recommend that the motion be denied.

**BACKGROUND**

        On April 21, 2010, plaintiff commenced this action in State of New York Supreme Court, County of Erie, alleging, *inter alia*, that while detained at the Erie County Holding Center in February 2009, he was subjected "to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourteenth Amendment to the United States Constitution, within the meaning of 42 U.S.C. §1983".

---

[1]     Bracketed references are to the CM/ECF docket entries.

Complaint [1, Ex. 2], ¶¶16, 22. Plaintiff seeks compensatory and punitive damages, as well as "attorneys' fees pursuant to 42 U.S.C. §1988(b)". Id., ¶66.

On May 6, 2010, defendants filed a Notice of Removal [1], alleging that "this court has original jurisdiction over the state court action under 28 U.S.C. §1331 (federal question) because it is a civil action that arises under the Constitution, laws, or treaties of the United States". Id., p. 2. In moving for remand, plaintiff argues that "federal jurisdiction is inappropriate as this . . . case relies solely on state law", Polak Affirmation [6-2], ¶17, and that "§1983 does not create a right, but it provides a remedy for violations of state law". Plaintiff's Memorandum of Law [6-3], p. 2.

## ANALYSIS

Plaintiff's argument that §1983 "provides a remedy for violations of state law" is clearly unfounded. "In order to state a claim under §1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under *color* of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity *secured by the Constitution or laws of the United States*." Nash v. McGinnis, 315 F. Supp. 2d 318, 320 (W.D.N.Y. 2004) (Larimer, J.) (emphasis added).

If "federal law creates the cause of action . . . . federal question jurisdiction exists." West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F. 2d 188, 192 (2d Cir. 1987), cert. denied, 484 U.S.850, 871 (1987); Republic of Philippines v. Marcos, 806

F.2d 344, 352 (2d Cir. 1986), cert. denied, 481 U.S. 1048 (1987) ("lower federal courts have jurisdiction to hear, originally or by removal from a state court . . . those cases in which a well-pleaded complaint establishes . . . that federal law creates the cause of action").

Plaintiff argues that "if the federal causes of action listed in a petition or complaint merely restate state law claims under a federal theory, then there is no basis for federal question jurisdiction". Plaintiff's Memorandum of Law [6-3], p. 3 (*quoting* New York ex rel. Cuomo v. Dell, Inc., 514 F. Supp.2d 397, 400 (N.D.N.Y.2007)). However, plaintiff's cause of action under §1983 does not merely "restate state law claims under a federal theory", because §1983 requires plaintiff to prove deprivation of a *federally* created right. McGinnis, supra. "Relief under the Civil Rights Act may not be defeated because relief was not first sought under state law which provided a remedy . . . . The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." McNeese v. Board of Education, 373 U.S. 668, 671 (1963).

In Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005) - which plaintiff himself cites (Plaintiff's Memorandum of Law [6-3], pp. 2-3) - the Court recognized that §1983 creates not merely a federal remedy (as plaintiff argues), but a federal cause of action which justifies removal. "Darue was entitled to remove the quiet title action if Grable could have brought it in federal district court originally, 28 U.S.C. §1441(a), as a civil action 'arising under the Constitution, laws, or treaties of the United States,' §1331. This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law ( *e.g.*, claims under 42 U.S.C. §1983)." Id. at 312. *See also* Curry v. City of Syracuse 316 F. 3d 324, 327 (2d Cir. 2003) ("federal question jurisdiction is

proper because Curry has brought claims pursuant to the United States Constitution and 42 U.S.C. §1983"); Ford v. Reynolds, 316 F. 3d 351, 353 (2d Cir.2003) (same).

The fact that plaintiff also asserts claims under state law does not bar removal. "A single claim over which federal-question jurisdiction exists is sufficient to allow removal". Broder v. Cablevision Systems Corp., 418 F. 3d 187, 194 (2d Cir. 2005). *See also* James v. Bauet, 2009 WL 3817458, *2 (S.D.N.Y. 2009) ("Defendants argue that the Court does not have subject matter jurisdiction over this action because plaintiff can challenge the denial of a shelter bed in a proceeding under Article 78 of the New York Civil Practice Law and Rules . . . . Whether New York courts have exclusive jurisdiction over Article 78 proceedings is irrelevant. Plaintiff brought his claim pursuant to 42 U.S.C. §1983, a provision of the United States Code, not Article 78 of the N.Y. C.P.L.R.").

Finally, noting that "a state court would have jurisdiction over violations of New York State laws", and citing "a petition, brought in state court, [which] directs Sheriff Howard to correct many of the same violations as alleged by Mr. Fisher", plaintiff argues that "in accordance with . . . principles of judicial economy and efficiency, it is appropriate that this action be maintained in state court". Plaintiff's Memorandum of Law [6-3], pp. 7-8. However, "abstention is generally not favored in actions brought under 42 U.S.C. § 1983." Bergman v. Stein, 404 F. Supp. 287, 300 n. 6 (S.D.N.Y. 1975). "The mere fact that parallel proceedings are pending in state court is insufficient to justify abdicating the 'virtually unflagging obligation' . . . to exercise federal jurisdiction." Gregory v. Daly, 243 F.3d 687, 702 (2d Cir. 2001). Moreover, that state proceeding could not afford plaintiff the damages and attorney's fees which he seeks in this action, as he is not even a party to that proceeding.

When all is said and done, the fact remains that it was plaintiff's choice to allege a federal claim. "As master of his complaint, plaintiff could have sought relief solely under state law to avoid removal." Soto v. Apple Towing, 111 F. Supp.2d 222, 224 (E.D.N.Y. 2000). Having chosen instead to allege a cause of action under §1983 in addition to his state law claims, plaintiff cannot now avoid the consequences of that decision. "Because plaintiff's . . . claim for relief, asserting Constitutional violations under 42 U.S.C. § 1983, indisputably arises under the Constitution, treaties, or laws of the United States, this action may be removed to this court under 28 U.S.C. § 1441(b). Based on the § 1983 claim alone, federal jurisdiction exists even though that claim is pled in the alternative." Lawser v. Poudre School District R-1, 171 F. Supp.2d 1155, 1158 (D.Colo. 2001).

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion for remand [6] be denied. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by June 28, 2010 (applying the time frames set forth in Fed. R. Civ. P. (6)(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely. . . waives any right to further judicial review of [this] decision. Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure of the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3) may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

DATED: June 9, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge